# United States Court of Appeals

## For the First Circuit

No. 00-1544

GEOFFREY W. GARDNER,

Plaintiff, Appellant,

v.

VINCENT VESPIA, JR., INDIVIDUALLY AND IN HIS
CAPACITY AS CHIEF OF POLICE OF THE
SOUTH KINGSTOWN POLICE DEPARTMENT, STEPHEN A. ALFRED,
INDIVIDUALLY AND IN HIS CAPACITY AS
TOWN MANAGER OF THE TOWN OF SOUTH KINGSTOWN,
BARBARA A. HACKEY, INDIVIDUALLY AND IN HER CAPACITY
AS PRESIDENT OF THE TOWN COUNCIL OF THE
TOWN OF SOUTH KINGSTOWN, AND ALAN R. LORD IN HIS
CAPACITY AS FINANCE DIRECTOR OF THE
TOWN OF SOUTH KINGSTOWN,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Cyr, Senior Circuit Judge,

and Stahl, Senior Circuit Judge.

---

Perry D. Wheeler, was on brief, for appellant.
Kathleen M. Powers, with whom Marc DeSisto and DeSisto Law were
on brief, for appellees.

June 11, 2001

**TORRUELLA, <u>Chief Judge</u>.** This appeal arises from an action for damages filed by appellant Geoffrey Gardner against South Kingstown (Rhode Island) Chief of Police Vincent Vespia pursuant to 42 U.S.C. § 1983. Specifically, appellant alleges that Vespia violated his Second and Fourteenth Amendment rights when he concluded that Gardner's prior <u>nolo contendere</u> plea for misdemeanor domestic assault constituted a "conviction" under 18 U.S.C. § 922(g)(9), thereby disqualifying him from purchasing a firearm. The district court granted summary judgment in favor of Vespia, stating that he was entitled to qualified immunity because it was not clearly established whether a "conviction" under § 922(g)(9) is defined by state or federal law. Because we hold that appellant has failed to allege the deprivation of a constitutional right, we affirm the district court's grant of summary judgment.

## BACKGROUND

On March 30, 1998, appellant sought to purchase a handgun from Universal Firearms Ltd., a licensed firearms dealer in South Kingstown, Rhode Island. As required by law, appellant completed an application for the firearm, which was forwarded to Chief Vespia for a background check. In the course of this check, Vespia learned that in November 1995, appellant had been arrested for domestic assault with a dangerous weapon. The arrest record indicated that at a pretrial hearing in January 1996, the charge was amended to simple assault. Appellant pled <u>nolo contendere</u> to the amended charge and was sentenced

-3-

to one year of probation. Based upon the Rhode Island Supreme Court's holding in State v. Feng, 421 A.2d 1258 (R.I. 1980), which held that a plea of nolo contendere is equivalent to a plea of guilty, id. at 1266, Vespia concluded that appellant had been convicted of misdemeanor domestic assault and was therefore precluded from receiving or possessing a firearm under 18 U.S.C. § 922(g)(9).

When appellant learned that his application had been denied, he wrote to Vespia requesting a written explanation. In turn, Vespia contacted Agent Joseph M. Riehl of the Bureau of Alcohol, Tobacco & Firearms to review appellant's application. Riehl informed Vespia that his assessment of appellant's disqualification appeared correct. Accordingly, Vespia responded to appellant on April 20, 1998, explaining that his plea of nolo contendere to the misdemeanor assault charge disqualified him from owning or possessing a firearm under federal law.

On May 28, 1998, appellant filed suit in federal district court for the District of Rhode Island against Vespia pursuant to 42 U.S.C. § 1983. In particular, appellant claimed that Chief Vespia lacked the authority to block his purchase of a firearm and that Vespia's actions violated his rights under the Second and Fourteenth Amendments to the Constitution. On a motion for summary judgment, the district court ruled in favor of Vespia, concluding that he acted within his legal authority under federal, state and local law and that

-4-

he was entitled to qualified immunity for his actions.  We review the summary judgment ruling de novo.  Swain v. Spinney, 117 F.3d 1, 5 (1st Cir. 1997).

**DISCUSSION**

In evaluating appellant's § 1983 claim, the district court determined that Chief Vespia was entitled to the defense of qualified immunity.  Gardner v. Vespia, No. 98-292ML (D.R.I. Mar. 24, 2000) (order granting summary judgment).  This defense "shields public officials performing discretionary functions from liability for civil damages, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Brown v. Hot, Sexy & Safer Prods., Inc., 68 F.3d 525, 530-31 (1st Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal quotations omitted).[1]  However, "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted the violation of a constitutional right at all."  Id. at 531

---

[1]  Gardner argues that the defense of qualified immunity is not available to Vespia because the background check at issue was mandated by law and thus "ministerial" and not "discretionary."  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (noting that the qualified-immunity defense shields government officials exercising "discretionary functions").  He is wrong.  Even if there is a viable ministerial-duty exception to the qualified immunity doctrine, but see, e.g., Sellers v. Baer, 28 F.3d 895, 902 (8th Cir. 1994) (opining that the exception is a "dead letter" and collecting opinions expressing skepticism as to whether a distinction should be drawn between discretionary and ministerial duties for purposes of a qualified-immunity analysis), we have rejected its applicability where, as here, a law enforcement officer is sued for a judgment made about whether and how a given law applies to a given set of facts, see Horta v. Sullivan, 4 F.3d 2, 11-12 (1st Cir. 1994).

(quoting <u>Siegert</u> v. <u>Gilley</u>, 500 U.S. 226, 232 (1991)); <u>see also</u> <u>Wilson</u> v. <u>Layne</u>, 526 U.S. 603, 609 (1999).  A cause of action brought under § 1983, then, reverses the normal order of judicial analysis and requires that we consider the constitutional question first; "[t]his order of procedure is designed to 'spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'" <u>Wilson</u>, 526 U.S. at 609 (quoting <u>Siegert</u>, 500 U.S. at 232).[2]

Appellant claims that his Second and Fourteenth Amendment rights were violated in two ways.  First, he asserts that Vespia transgressed his rights by conducting a background check in violation of state law.  However, even if Gardner is correct that Vespia violated state law, such a violation would not constitute a violation of Gardner's Second and/or Fourteenth Amendment rights, as was pleaded. In other words, Gardner simply has no <u>federal</u> right to demand that Vespia stay within the confines of state law in conducting background checks of those purchasing firearms.

Gardner's second argument is that Vespia misinterpreted the law in determining that his prior <u>nolo contendere</u> plea constituted a "conviction" for purposes of § 922(g)(9).  The constitutional question,

_____

[2] As the Supreme Court noted, this approach "promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." <u>Wilson</u> v. <u>Layne</u>, 526 U.S. 603, 609 (1999).

therefore, is whether an erroneous denial of a firearm amounts to a constitutional violation.  It does not.[3]

As Gardner acknowledges, the Second Amendment does not confer an absolute right to bear arms.  United States v. Miller, 307 U.S. 174, 178 (1939) (holding that Second Amendment does not invalidate limitations on firearms that do not have a reasonable relationship to a well-regulated militia).  Consequently, even if Gardner was not, in fact, disqualified from purchasing a firearm, Vespia's conclusion to the contrary did not violate any constitutional right to own that firearm.  Using the magic words of "freedom of contract" as an alternative constitutional ground does not alter this result.[4]  "[W]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of 'substantive due process.'"  See Conn v. Gabbert, 526 U.S.

---

[3] We note that the facts alleged by appellant do not demonstrate that in denying appellant's application, Vespia engaged in any kind of "purposeful discrimination" which might constitute a violation of the Equal Protection Clause.  See U.S. Const. amend. XIV; Medina v. Rudman, 545 F.2d 244, 249 (1st Cir. 1976).

[4] Appellant premises this right on Board of Regents v. Roth, 408 U.S. 564 (1972).  Roth repeated the pronouncement of Meyer v. Nebraska, 262 U.S. 390 (1923), that the meaning of "liberty" in the Fourteenth Amendment includes "the right to contract."  Roth, 408 U.S. at 572. Although, as stated above, Gardner's claim is not properly analyzed under this provision, we note that cases interpreting the "liberties" outlined in Meyer have construed them quite narrowly.  See, e.g., Conn v. Gabbert, 526 U.S. 286, 291 (1999) (refusing to read Roth and Meyer to stand for specific rights not articulated therein).

-8-

286, 293 (1999) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). The thrust of Gardner's challenge is the infringement upon his right to bear arms, and Second Amendment jurisprudence provides an adequate answer to this challenge.

The facts alleged by Gardner, even if true, do not allege the violation of an actual constitutional right. Accordingly, Vespia is entitled to qualified immunity for his actions.[5]

The decision of the district court is hereby **affirmed**.

---

[5] In rendering judgment against Gardner on grounds of qualified immunity, the court did not address Gardner's prayer for injunctive relief. Gardner does not, however, assign error to this omission in his appellate brief.